NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES EDWARD ALLEN, | No. 22-55712 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-00602-LAB-MDD |
| v. | |
| RALPH M. DIAZ, Acting Secretary for the California Department of Corrections and Rehabilitation; W. L. MONTGOMERY, Acting Warden; MARTINEZ, Food Manager; TRAVIS, Supervising Cook; J. LYON, Food Manager, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted August 15, 2023**

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

California state prisoner Charles Edward Allen appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendants violated his First and Eighth Amendment rights by failing to provide sufficient meals. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Allen's action because Allen failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff still must present factual allegations sufficient to state a plausible claim for relief); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (to establish an Eighth Amendment claim, a prison "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

2                                                                                      22-55712